And our next case is Inre Hunanyan. Appellant Ara Eric Hunanyan appearing pro se. Jeffrey B. Endler appearing for Appalese. Okay, Mr. Hunanyan, we can't see or hear you yet. Could you please turn on your video and your microphone? There you are. First of all, could you help me with the Okay, thank you very much. Would you like to save part of your 15 minutes to speak after Mr. Endler speaks? Yes, I would like to at least five, six minutes left for the questions. I mean, but I don't understand. I don't see the other Mr. Rosenthal with the attorney and I never have that substitution of the new attorney. Okay, well Mr. Endler is here to represent the Appalese, so that's who's here. Okay, so would you please go ahead, Mr. Hunanyan? Yeah, this case is basically the Appalese for the dismissal of my adversary proceeding that I filed in the Chapter 7 bankruptcy court. I am Chapter 7 debtor and appellant and improper. So basically, my adversary proceeding was dismissed for basically unreasonable reasons. So my cause of actions in that adversary proceeding was objection to the proof of claim number four and a determination of dischargeability of my debts. And also there was a lien in the amount $130,000, which I was trying to expunge and that will go to them towards the debts that as a set of or counterclaim. So basically, these are the and another issue is of course it's a disqualification of judge who made all these decisions. And so basically, the proof of claim that I was trying to, the proof of claim that I'm trying to avoid, it's made in, it's a judge, it's made exactly two years ago, June 22nd, 2020. That was the first day when entire closed, closed the courts in entire Los Angeles County. And the first day when the courts were open. But the presiding judge, Kevin Brazil, had a general order, no trials. And it's actually, word by word saying, order mandates that from June 11, 2020 to July 9, 2020, inclusive, the court will remain closed for judicial business. What means judicial business is means, and also it's explained later on, no trials for jury or non-jury, no trials. It means the judge who conducted that trial in a family court, and later on, this proof of claim number four was related to that, is void of an issue. It's void because the judge or the court had no any kind of jurisdiction to do that. That jurisdiction was suspended. I don't say that person was a judge. I don't say that's not a good court. But at that time, at that moment, there was no any kind of jurisdiction. It means that it's a void. Then, in a worst case scenario, we're going to the second level of the situation. I'm saying, okay, in a worst case scenario, say that the judgment is good, the best judgment in the world. But I have counterclaims to that. The counterclaims are $1,300,000. And by the way, that proof of claim is in the amount of about $1,000,000. So, okay, if it's even the good, say it's the best judgment in the world. But I have counterclaims. The first counterclaim is $1,328,000, which I find out after a couple of months when the judgment was entered. What is that amount is, I find out that my ex-wife was deceased. She was killed by her first husband. And then, she was substituted by her kids from the first husband as a personal representative. So, basically, even as I said, assuming that it's a good debt, I have counterclaims. Because they failed to show that they concealed the assets. And they got the judgment by lying, but by fraud. In that kind of situations, the courts can, there's no jail, nothing, it's good, they can lie, but the judgment is dismissed. So, that's a... Have you gone back to the state court and asked the state court to change its judgment based on what you just told us? Yes, I did. But what happened? Instead of Chapter 7 trustee, it's a ready motion. It's just to be done and heard that. What happened? Chapter 7 trustee went over there and said, no, no, no, we don't want to dismiss that. It was the hearing date. And she went over there and said, no, we want that. It's a good judgment. We like the judgment. So, that's why it was dismissed. It was ready. I already filed. Another, another amount that I'm saying that can be, must be, counterclaimed. It's a $550,000. That it's a, during the 15 years, I paid taxes, mortgages, insurance system, maintenance of these all three properties. And the family court judge didn't take into consideration that. Actually, not take into consideration because I have not the numbers with me because it was first day of the trial, of the opening the court. I came and begged the judge saying, I just had no, no libraries are open, no county recorder's office are open to get out the recorded documents. Please give a continuance. How come entire Los Angeles County has that continuances and they cannot get that? The judge said, no, go back home, bring your documents and we're trying to bring the trial. In two hours, we went back, brought my documents in one box. I don't know which one is after which. Whatever I had and we did that stupid trial. So, basically, what I'm trying to say. So, another layer of that is there are other numbers that could be, go against that counterclaim. Basically, also, the reason they say it was denied, that it's a good judgment, as if I'm asking to the bankruptcy court is. So, it's not the case. They say that, they say, actually, that Feldman Rooker doctrine, that this doesn't allow me try to appeal in a bankruptcy court. But, I'm not doing that. I'm just trying to say this is a void judgment. And, they are not correct saying that Feldman Rooker doctrine is applicable. Why? Because, first of all, it's not final. Because, right after that, I filed my appeal in a second district court of appeal. So, that's basically pending. And, this is another thing. Again, this chapter 7 trustee. And, basically, I read everything already and gave to this chapter 7 trustee in her hand. And, he ruined everything. She went to the, again, the court of appeal. I said, no, no, we don't want to do appeal. It's a very good judgment. We were happy with that. So, basically, there's something is going on with this estate. My ex-wife's estate and chapter 7 trustee. Why it's going on? I'll tell you the facts. My ex-wife was working from 2000 to 2003 for this chapter 7 trustee. And, they made several purchases together under different people's names. So, they were involved together in doing illegal stuff. So, now, she's trying to protect her ex-friend, who has already died, help to her kids. How I will be able to get any fair trial, any fair proceeding in that bankruptcy court, when trustee is friend of my ex-wife and will, of course, do everything against me. This is another layer to that. So, basically, so, there's no, as I said, there's no government ruper is applicable here because it's not final. And, it's a good judgment. It's a void. It's a abomination. Let me ask you this. I mean, didn't you, didn't you present all of this to the bankruptcy judge in your objection? Yes, of course. That document that I presented you, it's from there. Whatever I presented to this judge, now I'm saying to you. It's absolutely the same. And, if you look, I made 22, what's the name, dockets. It's all from the court. I added very little from me. Whatever, I just, basically, I described what my documents are, what I did in the, in the bankruptcy court. So, another thing, this proof of claim number four was made with maybe 10, 15 misstatements on the penalty of perjury. I am, I'm not glad that Ms. Rosenthal is not here because she was the one who made that misstatements on the penalty of perjury. So many of them, 10 or 15 of them. And, I had that in my opening brief. Okay, you have about five minutes left, Mr. Hunanian. If you want to reserve, you can stop. If you want to continue, go ahead. Yeah, only, only one sentence is the same. She failed to, to say why she did, in her position, why she did that. Why she showed that it's not, it's not misstatement on the penalty of perjury. Okay, I will reserve the rest. All right, okay, thank you. Mr. Endler, please go ahead. Morning, Your Honors. Obviously, I am standing in for Ms. Rosenthal. I literally, maybe 30 minutes ago, read the 12B6 ruling for the first time, and that is what Mr. Hunanian, I think, is appealing. The 12B6 order that mostly relies on the Rucker-Feldman doctrine, and I don't regularly practice in bankruptcy court, and all I can say is, I mostly practice in state court. I'm glad that there's a Rucker-Feldman doctrine that prevents parties that think that the right way to appeal is, oh, I'll just file a new lawsuit in federal court. That basically is the entirety of what is being presented to you, in addition to two other subjects, one being the dischargeability of debt issue, which I don't know what to add. Let's talk about that first, if you just raise that up. I'm a bit confused what happened, because it seemed in reading the bankruptcy court's decision, the court was in general agreement that the probate estate is not a spouse, former spouse or child, and therefore cannot avail itself of 523A15, which appeared to be what Mr. Hunanian was asking for determination of that, that was dischargeable because it fell outside of 523A15, but then the court dismissed the claim. So I don't understand what was going on. I also, from reading your briefs or your co-counsel's briefs, don't understand or it's suggested that you don't charge that you're interested in the non-dischargeability. Meaning you're not going to pursue it. You're not going to pursue it. You tacitly agree with the court that the probate estate is not a spouse, former spouse or child, and therefore A15 doesn't apply. So can you clarify for us what does your client understand about the non-dischargeability aspect of this and its right to recover beyond the bankruptcy estate? I wish I could illuminate your honors. I'm relying on the exact same documents and as I shared with you, because I like being candid with any court that how new I am to reading that part portion. I could be wrong because again, I'm not a bankruptcy specialist. But the way I took it, because I've learned a lot from Ms. Rosenthal being in our office about family law, is the idea is the state court made a decision relating to how much money was going to be awarded to the wife and I just want to pretend while she's alive. The fact that she dies doesn't change anything. Now the estate owns that there's been no event, nothing that is going to change the state court's ruling relating to divvying up the assets. I understand that. And that seems to be consistent with what is said in the briefing. And I appreciate your disclosure that you got this very, very late. And I'm not up to it. But but there is a confusion in this case, in the briefing, that the ability, you're right, the judgment was awarded to your clients, the probate state has that claim, they have made that claim against the bankruptcy estate. That's the proof of claim in the bankruptcy. To survive that bankruptcy, though, it needs to be non dischargeable, and you need to bring it under 523. A. And the operative provision appears to be a 15, which is available to former spouses, spouses and children going forward. And everybody seems to be in agreement that the probate estate unremarkably is not in that category. But the question is, but the bankruptcy court said that and then denied or dismissed that claim, which seems to be at complete odds with that position. I think I know the answer, Your Honor. I if I'm not mistaken, there is a section in the 12 v six ruling that talks about the untimeliness of the objection to the proof of claim. I do believe that it was relied on the untimely. That's what I believe was an extra finding about Mr. Hunanian's efforts, that there was an untimely. So some counsel counsel, just so the kind of be clear, and just breakers trying very hard to try to help you get to the separate the proof of claim objections, the separate the claim, the situation with the lien from the discharge ability question. He has the right to ask the court at any point, not timely, untimely to determine whether this debt goes away after distributions are made from the estate by the trustee. Okay, he has the right to ask the court to make that determination. He did that in a complaint, an amended complaint that he filed. You move to dismiss it under 12 b six. The court seemingly agreed with him that it is dischargeable. Once the estate receives your probate estate receives distributions from the chapter seven trustee, there is no remaining claim. But instead of making that a judgment, it dismissed his adversary proceeding not on timeliness basis. It's not clear what the court was ruling. So we're kind of left with the idea. There's an open piece here. What we're trying to determine from you, if you can tell us is the the probate estate does not intend to pursue him after discharge. We're done once we get paid from the chapter seven estate or no, we're gonna go after him. We have every right to proceed. We think we are still empowered by the code or by law to do that. And we have an unfulfilled judgment, and we trying to determine if you can help us with that. I wish I could, Your Honor, and I totally appreciate your amusement and confusion here. But unfortunately, Ms. Risenbald did not advise me as to the status. They're all I think the only extra thing I can add, I'm not aware that there is any timely appeal made by Mr. Hunanian at the state level. So his confusion, as Your Honors must discern from his misunderstandings and what he's been trying to say, both in his briefings and today, is he doesn't understand the powers of a chapter seven trustee. And so that was my understanding. My understanding, I actually didn't think that this was an open question relating to the dischargeability of debt, as Your All I know is, like I said, how strong the Ricker-Feltman doctrine is applying to the situation. And also, just how contentious the divorce proceedings were in that Mr. Hunanian has tendencies to want to file, you know, motions to disqualify judges and sue other attorneys. And so we've had that going on in this case. So I apologize to Your Honors that I don't know the answer to your question. I appreciate your candor. Thank you. Unless you have other questions, I understand that that's a pretty juicy question. Okay, thank you very much. Mr. Hunanian, back to you. You've got, I think it was about, let's see, four and a half minutes. So please go ahead. Yes. Another layer to that I just forgot. When I filed my bankruptcy petition, before that I filed a declaration of homestead. And they clearly knew that I have a homestead right. What happened? They disregarded completely. Nobody objected to my homestead exemption. Neither Trustee Zamora, nor the other party. Nobody. And then my property was sold. Now I'm in this property, but in a couple of days, I'll be evicted from here. But sir, how is that part of the adversary proceeding? I'll tell you that. As I said, there are many, many under penalty of perjury misstatements done in a proof of claim. One of them, it says priority debt. They say it's a priority debt. It's not priority debt. The priority debt could be if it will be under 523A5. And then that debt should be go first. In my my homestead exemption is priority compared to all this debt. That's why it's a part of that issue, which is pending in a... But if you have a valid homestead exemption, then that comes out of the estate. So there's no distribution to the estate. So I don't think that's really the key issue here. Can I ask you about your understanding of the to that point? Dischargeability is after the bankruptcy, if they can still come after me and do this or that. But the judge seemed to think that that as part of your discussion and briefing about that, really what you were hoping to do through the dischargeability was to to get rid of their claim in the bankruptcy. Yes, I have those I have counterclaims, reduce or make it to zero. But you understand that dischargeability doesn't affect their claim in the bankruptcy. That's the only question. Dischargeability is what happens after the bankruptcy. No, but that besides when you're bringing the adversary proceeding for this determination of dischargeability, at that stage, you can bring counterclaims, whatever you have to make and to adjust. Dischargeability, sir. No, I don't think that's that's correct. That may be as to the determination of the underlying debt, but dischargeability. Right. But but this that has been determined. That that was the whole point. And that that's the point of the objection to claim. Yeah, and I did that objection to the claim on that. And I showed that the claim is void. The basis, you may have tried to show that. But I, you know, the judge ruled against you on that and you don't get to try it again in the adversary. That's the problem here. It's a it's a I in my reply, I completely show that show that when when you have a dischargeability with the proof of claim together, it's a separate cause of action for finding this dischargeability and the amount of debt they see. I have in my reply papers. I understand that. But but the dischargeability you also are you concerned about the probate estates actions to collect the debt that is allowed after your bankruptcy? Or are you really just wanting to deny the claim and assert your counterclaims? Both together, both together. So, so that's a that's a Yeah, and also it's what I'm trying to say it's a five. It's not a penalty of priority debt. It's a from very beginning. It's a the whatever the proof of claim number four is wrong. It's on the penalty of perjury is a lie. So it's a priority debt. It's in the my ex wife is not alive. That's why it cannot be on the 520 a five best case scenario can be on the 520 a 15. And that using that again, Miss Rosenthal used her attorney fees on put in a proof of claim in our for 70,000. And it's not easy cannot charge that get that money because it's not for the spousal support or something. So I showed also in my document, okay, I'm gonna I'm afraid you've run out of time. So I'm going to stop you. But thank you very much for your argument. Mr. Andler, thank you for your argument. I think Miss Rosenthal owes you big time. But thank you very much. That concludes our calendar. So it's courts and recess. Thank you. Thank you.
judges: Faris, Spraker, and Gan